# THE

# NEW YORK SUPPLEMENT

## VOLUME 138

### MOLLOY v. CONVILLE.

(Supreme Court, Appellate Term, First Department.　November 20, 1912.)

MONEY RECEIVED (§ 14*)—DEPOSIT WITH COMPANY—LIABILITY OF TREASURER.
　　The treasurer of a brewing company, with which money was deposited, was not liable therefor to the depositor, though he receipted for the same in the name of the company, signing his own name as treasurer.

　　[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 41–43; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Michael Molloy against Frank Conville. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Eugene L. Parodi, of New York City, for appellant.
Myron Sulzberger, of New York City, for respondent.

GERARD, J. The plaintiff in this action alleges that he deposited with the defendant certain sums of money, and that the defendant promised to repay the same with 6 per cent. interest thereon. On the trial of the action he was the only witness appearing for the plaintiff. The defendant denied the allegations of the plaintiff, and the proof adduced on his behalf shows that the money of the plaintiff was not deposited with the defendant personally, but was deposited with the Thomas Conville Brewing Company, of which the defendant, at the time, was treasurer; that receipts were given to the plaintiff, whenever he made such deposits, in the name of the said brewing company, signed by the defendant, as treasurer, or by one Meehan, as secretary. It appeared that the brewing company went into bankruptcy, and the plaintiff presented a claim against said company to the trustee in bankruptcy, in which he swore that the brewing company had received the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
　　138 N.Y.S.—1

money from him and was indebted to him in such amount. There is absolutely no proof that would justify a judgment against this defendant, and therefore the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.